## Commonwealth v. Mirabelli

John Deutsch, Dist. Atty., for Commonwealth.

HEIMBACH, P. J., January 4, 1968.—On October 19, 1967, defendant above named was operating a tractor, with trailer attached, on the Pennsylvania Turnpike, in Carbon County, when stopped by a trooper of the Pennsylvania State Police. Defendant subsequently was charged with operating a tractor with improper registration in one information, and likewise charged with towing a trailer with improper registration in another information. Both informations were lodged before a justice of the peace at the same time, and in each information, defendant was charged with violating subsection A, sec. 401, art. 4 of The Vehicle Code of April 29, 1959, P. L. 58. Two notices to appear were sent to defendant, and in each notice, defendant was advised he could enter a plea of guilty to the charge, and pay fine and costs amounting to fifteen dollars. Defendant waived a hearing in both cases, and transcripts were returned in each case and separately docketed in the office of the clerk of courts.

Defendant appeared before us and entered a plea of guilty to the charges.

We note the trooper has violated section 1, and the justice of the peace has violated section 2, of the Act of March 10, 1905, P. L. 35.

Section 1 provides, 19 PS §1293:

"Duplicate returns, complaints, etc.

"From and after the passage of this act, it shall be unlawful for any person, or officer of any township, ward, borough, city or county, within this commonwealth, in instituting and prosecuting criminal cases, to duplicate any return, complaint, information, indictment, warrant, subpoena, or other writ against any person or persons charged with the commission of any criminal offense or offenses, committed at one and the same time or growing out of one and the same transaction, and when one return, one complaint, one information, one warrant, one subpoena or one

other writ can be legally made to serve and promote the due administration of justice".

Section 2 provides, 19 PS §1294:

"No costs for duplication where offenses might have been joined

"It shall be unlawful, in all criminal prosecutions hereafter instituted, to tax costs in and on more than one return, information, complaint, indictment, warrant, subpoena or other writ, against the same defendant or defendants, where there has been a severance or duplication of two or more offenses which grew out of the same occurrence, or which might legally have been included in one complaint and in one indictment by the use of different counts".

"The act is a remedial statute": Krause v. Lehigh County, 2 Lehigh 405, 412 (1908).

"A summary conviction under the act . . . is a criminal prosecution within the meaning of the provisions of the statute": Commonwealth v. Shipley, 35 Pa. C. C. 132, 136.

Where two offenses are committed at one and the same time and grow out of one and the same transaction, then one return, one complaint, one warrant, and one hearing are sufficient to promote the due administration of justice: Commonwealth v. Hasko, 46 D. & C. 359.

Obviously, both violations should have been charged in one information and costs covering but one information imposed.

Wherefore, we enter the following

ORDER AND SENTENCE

Now, to wit, January 2, 1967, defendant having pled guilty to operating a motor vehicle tractor and trailer with improper registrations on both vehicles, the sentence of the court is that you pay, in the case of January sessions, 1968, no. 19, a fine of $10 and costs,

and in the case of January sessions, 1968, no. 20, a fine of $10.

The clerk of courts is directed to void all costs in the case docketed to January sessions, 1968, no. 20 with notice of this order to the commissioners of Carbon County, if such costs have been paid by the County of Carbon.

It is further ordered that the fine and costs imposed herein, together with poundage, shall be deducted from the cash bail posted and the balance remitted to defendant.